**ORIGINAL**

___ Priority
___ Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

FILED
CLERK, U.S. DISTRICT COURT
FEB -3 2000
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DONALD R. CHASE,                    )  No. CV00-00869 GHK(BQRx)
                                    )
            Plaintiff[s],           )
    vs.                             )
                                    )  ORDER RE: CASE MANAGEMENT
TEAM COMPANIES, a corporation,      )  (REVISED AS OF FEBRUARY, 2000)
and APPLIED WORKFORCE SOLUTIONS,    )
INC.,                               )  **READ IMMEDIATELY**
                                    )
            Defendant[s].           )
_____)

   This case has been assigned to the calendar of Judge George H. King. The court fully adheres to Rule 1 of the Federal Rules of Civil Procedure, which requires that the Rules be "construed to secure the just, speedy and inexpensive determination of every action."

   Counsel shall also be guided by the following special requirements:

   1. Plaintiff shall <u>promptly</u> serve the complaint in accordance with Fed. R. Civ. P. 4 and file proofs of service pursuant to Local Rule 5.8.

   2. The attorney attending any proceeding before this court <u>must</u> be the attorney who is primarily responsible for the conduct of the case.

   3. **COURTESY COPIES:** A courtesy copy of all papers filed with the court shall be delivered to chambers at Room 670, Roybal Federal Building, on the day of filing.

ENTERED ON ICMS
FEB - 4 2000

4. MOTIONS:

(a) Motions shall be filed and set for hearing in accordance with Local Rule 7. Motions shall be set on Mondays at 9:30 a.m. unless otherwise ordered by the court. If a Monday is a court holiday, no motions shall be set on the succeeding Tuesday. Any motions noticed for a holiday shall automatically be continued to the next Monday.

Counsel should take special note of the recent changes to the Local Rules which affect motion practice in this court. Among other things, counsel should be aware that Local Rule 7.4.1 requires that counsel engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." The court expects counsel to discharge their obligation under Locl Rule 7.4.1 in good faith. Even if a motion is still necessary after a good faith pre-filing conference, counsel should have sufficiently discussed the issues so that the briefing will be directed to those substantive issues which require resolution by the court. Minor procedural or other non-substantive matters should be resolved by counsel during the course of the conference.

Counsel should also take note that Local Rule 3.10 limits all memoranda of points and authorities to "25 pages in length, excluding indices and exhibits, unless permitted by order of the judge." The court is of the view that the 25-page limitation is more than adequate for counsel to set forth his/her points and authorities, especially if counsel carefully reviews and edits the memorandum to ensure a concise and focused presentation. Accordingly, routine requests to exceed the page limitation will be **DENIED**. Leave to exceed the page limitation will be granted only in extraordinary circumstances where counsel makes an adequate showing of specific facts in support of an application to

1  exceed the page limitation.

2  (b) Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the legitimate distinction[s] between the two motions, which have different purposes. Frequently, the composite motions introduce evidence that is extrinsic to the pleadings. On the one hand, such evidence is improper for consideration on a Fed. R. Civ. P. 12(b)(6) motion, while on the other hand, treatment of the motion as a Rule 56 motion frequently results in reasonable invocation of Rule 56(f) by the non-moving party.

11 (c) Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good faith belief that such motion will likely result in dismissal, without leave to amend, of all or at least some of the claims under applicable law.

15 (d) No party may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for summary judgment or summary adjudication.

18 (e) Generally, the court will rule on motions on the papers submitted, and without oral argument. Accordingly, counsel are advised to place all authorities and arguments in their moving or opposing papers. Counsel are reminded that the reply shall be limited to argument and/or authorities responsive to the opposition papers. Any improper introduction of new matter in the reply will be ignored by the court.

25 5. DISCOVERY: ALL DISCOVERY MATTERS ARE REFERRED TO A UNITED STATES MAGISTRATE JUDGE (see initials in parentheses following the case number). Discovery disputes of a significant nature should be brought promptly before the Magistrate Judge. The court does not look favorably

3

upon delay resulting from unnecessarily unresolved discovery disputes. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule matters for hearing. The words <u>DISCOVERY MATTER</u> shall appear in the caption of all documents relating to discovery to ensure proper routing.

The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Judge only where it has been shown that the Magistrate Judge's order is clearly erroneous, contrary to law, or an abuse of discretion.

6. EX PARTE APPLICATIONS: Ex Parte Applications are considered on the papers and are not normally set for hearing. Counsel are advised to file and serve their ex parte applications as soon as they realize that extraordinary relief is necessary. This court entertains ex parte applications only in extraordinary circumstances -- sanctions may be imposed for misuse of ex parte applications. <u>See</u> <u>In Re: Intermagnetics America, Inc.</u>, 101 Bankr. 191 (C.D. Cal. 1989). The requesting party shall serve the application by personal delivery or fax, and notify the responding party that opposing papers must be filed within 24 hours of such service. Moreover, at the time of the application, the applicant shall comply with Local Rule 7.18.1, which <u>inter alia</u>, requires the applicant to advise the court in writing of the efforts to contact opposing counsel and of that counsel's intention to oppose the application. The moving party's declaration in support of an ex parte application shall affirmatively show compliance with Local Rule 7.18 and this Order, failing which the application shall be DENIED.

7. TRIAL PREPARATION: This court strives to set trial dates as early as possible and does not approve of unnecessarily protracted discovery.

8. CONTINUANCES: Continuances are granted only upon a showing of good cause. Counsel requesting a continuance MUST submit a <u>DETAILED</u> declaration setting forth the reason therefor. Any continuances requested but not accompanied by said declaration will be rejected. The court sets **FIRM** trial dates and will not change them without a showing of good cause. **FIRM** trial dates are defined as dates on which counsel must be ready to proceed; however, the court may trail the action on 48 hours call when necessary (e.g. in the event that a criminal case, an older civil case, or a case otherwise entitled to precedence by law, proceeds to trial on said date, or the court is otherwise occupied with other matters).

9. STIPULATIONS: NO stipulations extending scheduling dates set by this court are effective unless approved by the court. All stipulations must be accompanied by a DETAILED declaration explaining the reason for the stipulation. Any stipulation not in compliance with this Order or the Local Rules of the Central District will be rejected. Stipulations shall be submitted well in advance of the relief requested. Counsel wishing to know whether or not a stipulation has been approved shall comply with Local Rule 3.5.5.

10. NOTICE OF REMOVAL: All documents filed in state court, including answers and documents appended to a complaint, MUST be refiled in this court as a supplement or exhibit to the Notice of Removal. If an answer has not as yet been filed, said answer or responsive pleading shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District. Any pending motions must be re-noticed in accordance with Local Rule 7.

11. BANKRUPTCY APPEALS: Counsel shall comply with the ORDER RE PROCEDURE TO BE FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the

time the appeal is filed in the District Court. The matter is considered submitted upon the filing of the appellant's reply brief. No oral argument is held unless otherwise ordered by this court.

12.  EARLY MEETING OF COUNSEL: Counsel shall comply with Local Rule 6.1, and in addition thereto, shall confer with respect to those items identified in ¶ 13a-j, infra.

13.  PREPARATION FOR STATUS CONFERENCE: Immediately following the early meeting of counsel, counsel shall, in lieu of the Joint Report of Early Meeting required by Local Rule 6.5, prepare a joint status report setting forth the following information:

    a.  Basis of subject-matter jurisdiction;

    b.  Concise statement of the factual and legal basis of the claims and defenses;

    c.  Prospects of counsel exercising their right under 28 U.S.C. § 636 to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition pursuant to General Order 194-G. In this regard, counsel should note that they may select any Magistrate Judge (i.e., counsel are not limited to consenting to the Magistrate Judge assigned to this case) for such purposes, as long as all parties concur and the selected Magistrate Judge is available. Counsel should also note that the Magistrate Judges will set their own discovery schedules and will be able to give counsel a "date certain" for trial.

    d.  Proposed cut-off date by which all discovery shall be completed;

    e.  Proposed dates for Pre-Trial Conference and Trial;

    f.  Major procedural or evidentiary problems;

  g. Prospects of settlement and proposed last date for compliance with Local Rule 23.

  h. An estimate of the number of court days required to present each side's case-in-chief;

  i. Whether trial is to be by jury or by the court;

  j. The name of the attorney(s) who will actually try the case on the actual trial date. The attorney(s) who are designated to try the case or an attorney with full knowledge of the case and who can commit to the scheduling dates must be present during the scheduled Mandatory Status Conference and at the later-scheduled Pre-Trial Conference;

 The Joint Status Report shall be filed no later than fourteen (14) days after the Early Meeting of Counsel. At the time of the filing of the Joint Status Report, counsel shall also file a separate document entitled "**Joint Notice of Mandatory Status Conference**," which shall schedule the status conference on the court's calendar on the first Monday three weeks hence, at 1:30 P.M., in Courtroom 660, Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, California 90012. If that Monday is a holiday, the joint notice shall designate the immediately following Monday.

 <u>The court views this status conference as critical to its case management responsibilities. Counsel are required to approach it with the same seriousness</u>.

 14. NOTICE: Counsel for plaintiff, or plaintiff if appearing on his or her own behalf, in an action commenced in this court, and counsel for defendant or defendant in pro per in a removed action, shall serve a copy of this Order on all other parties or their counsel at the earliest possible time. Counsel, or any party required to give notice

of this Order, shall file proof of service of such notice within 48 hours of the service of such notice.

15. SANCTIONS: <u>Any party or counsel who fails to participate knowledgeably in the status conference, or fails to comply strictly with this Order, may be sanctioned by the court</u>.

IT IS SO ORDERED.

DATED: This 2nd day of Feb, 2000.

_____
GEORGE H. KING
United States District Judge